# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DAVID ROCKWELL, et al.,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF DEFENSE, et al.,

    Defendants.

Case No. 4:18-cv-00001-SLG

## ORDER OF DISMISSAL

Before the Court at Docket 54 is Defendant United States' Motion to Dismiss. At Docket 56 is Defendants Lendlease (US) Public Partnerships, LLC and North Haven Communities, LLC's ("NHC") Motion to Dismiss. Plaintiffs did not file responses to either motion by the dates responses would have been due.

The Rockwells filed an amended complaint at Docket 49. The amended complaint asserts two claims for relief: violation of the Fair Housing Act, 42 U.S.C. §3601 *et seq.*, and a breach of contract/third-party beneficiary claim. In its prior order, the Court held that Plaintiffs had stated a plausible claim for relief as to Defendant NHC under the Fair Housing Act.[1] The Court granted NHC's motion to dismiss the breach of contract—third party beneficiary claim, but granted leave to amend as to that claim.[2]

The United States seeks dismiss of the Rockwells' claims against it for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. The

---

[1] Docket 41 at 13.

[2] Docket 41 at 19.

United States maintains that the FHA claim against the federal government must be dismissed with prejudice because the United States has not waived sovereign immunity under the act. The government is correct that the Fair Housing Act does not contain a waiver of sovereign immunity. Therefore, the Rockwells' claims against the United States for violations of the Fair Housing Act are barred by the federal government's sovereign immunity and must be dismissed.[3]

As to the breach of contract claim against the United States, that too must be dismissed for the reasons set forth by the government in its motion. First, the Rockwells have not shown that they are the intended third party beneficiaries of contractual terms between the government and a third party. Second, even if a contract claim could proceed against the United States, the proper court with subject matter jurisdiction to hear such a claim over $10,000 would be the Court of Federal Claims. Nor does the amended complaint contain sufficient, non-conclusory allegations that would permit the Court to determine that the federal government could be liable for the Rockwells' alleged injuries under a breach of contract theory. For the foregoing reasons, the United States' Motion to Dismiss at Docket 54 will be granted.

Lendlease and NHC also separately seek dismissal of the claims against them. As to Lendlease, the amended complaint raises no allegations of discriminatory conduct by Lendlease, such that dismissal of that defendant is warranted on that basis alone. As to the Fair Housing Act claim against NHC, the Court finds that the claim was filed outside the deadline under the applicable statute of limitations and will be dismissed on that basis.

---

[3] *See Karbusheva v. Redwood Apartments*, 2014 WL 6855848 (D. Idaho Dec. 3, 2014).

Dismissal would also appear warranted based on derivative immunity, as discussed by these defendants in their motion to dismiss. As to the breach of contract claim against NHC, the amended complaint does not correct the deficiencies that the Court identified in its original dismissal order. The Rockwells have not alleged facts that would plausibly establish that they were intended third party beneficiaries of a contract between the United States and NHC and/or Lendlease.

For the foregoing reasons, the motions to dismiss at Docket 54 and 56 are each GRANTED. Because the Rockwells were accorded one opportunity to amend the deficiencies in their complaint, and because it appears that it would be futile to permit another amended complaint, this dismissal will be with prejudice and without leave to amend.[4] The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 10th day of December, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] A "district court's 'decision to dismiss [an] amended complaint *with prejudice* [may be] appropriate in light of [plaintiffs'] repeated failure to cure the deficiencies in [their] pleadings.'" *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (emphasis in original) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).